■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE MCDERMOTT, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 19, 1984, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

Defendant appeals from his conviction of the crime of attempted assault in the second degree on the ground that his plea of guilty was not voluntarily made. There should be an affirmance.

The record discloses that County Court conducted an extensive inquiry into the voluntariness of defendant's offer to plead guilty to a negotiated reduced plea. Defendant was represented by counsel during the proceedings. At several junctures in the allocution, where defendant appeared not to comprehend some questions asked of him, the court amplified its instructions, after which defendant answered appropriately. Defendant factually described the transgression, indi-

cated that his plea was being made after consultation with counsel, and acknowledged his understanding that he was waiving his right to trial and that he understood the sentence he was to receive.

At a subsequent predicate felon hearing, a certificate of conviction indicating that defendant had previously been convicted of robbery in the first degree was admitted into evidence. Defendant offered no evidence. The hearing was closed and defendant was adjudged a predicate felon. Sentence was then imposed. It was at this juncture that the following colloquy occurred:

"DEFENDANT: I believe I said why am I being sentenced one and a half to three? I didn't hit no officer.

"THE COURT: You pled guilty to Attempted Assault in the Second Degree."

Defense counsel thereafter stated that defendant "apparently" wished to renew his motion to withdraw his plea of guilty. The proceedings concluded on this observation.

We note that the record does not bear any prior motion to withdraw a plea of guilty and that the cited exchange is the full extent of any mention to that effect. Based on the record, we conclude that no proper motion to withdraw the plea was made. Defense counsel's offhand observation as to defendant's intention did not constitute a proper application to withdraw the plea (see, People v Lopez, 71 NY2d 662, 665). Accordingly, defendant has waived his right to challenge his conviction on that ground.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.