■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD L. FERGUSON, Appellant. [596 NYS2d 533] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered November 4, 1991, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant entered into a plea bargain under the terms of which he entered a plea of guilty to a single count of robbery in the first degree in satisfaction of an eight-count indictment, was sentenced as a second felony offender to a prison term of 10 to 20 years and waived his right to appeal. Defendant now appeals, contending that he was denied his constitutional right to a speedy trial (see, CPL 30.20) and to effective assistance of counsel, issues which assertedly survive his waiver of appeal.

We agree with defendant that "a bargained-for waiver of the right to appeal is ineffective to the extent it impairs the defendant's ability to obtain appellate review of a constitutional speedy trial claim" (*People v Callahan,* 80 NY2d 273, 282). Similarly, to the extent that "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases' " (*Hill v Lockhart,* 474 US 52, 56, quoting *McMann v Richardson,* 397 US 759, 771), a waiver of appeal will not foreclose a defendant's right to challenge the competency of the legal representation relied upon in accepting the plea bargain and entering the guilty plea (see, *People v Seaberg,* 74 NY2d 1, 10-11). Although we conclude that defendant does retain the right to appeal on the grounds presented, the appeal lacks merit and we accordingly affirm.

Regarding the contention that defendant was deprived of his constitutional right to a speedy trial, the fact is that defendant did not preserve his right to appellate review by first raising the issue in County Court (see, CPL 470.05 [2]; *People v Rodriguez,* 50 NY2d 553; *see also, People v Callahan, supra*).

Although defendant did petition for a writ of habeas corpus on the ground that his indictment was not reached for trial within six months of the commencement of the criminal action (see, CPL 30.30 [1] [a]), at no time did defendant assert that his constitutional right to a speedy trial had been violated. Defendant's challenge to the voluntariness of his plea is similarly barred by his failure to move in County Court to withdraw or to vacate his plea of guilty (see, People v Seavey, 177 AD2d 815, 816; People v Perrotti, 153 AD2d 992, lv denied 75 NY2d 774). Although defendant did argue at the time of imposition of sentence that his right to appeal constitutional issues was unimpaired, he expressly indicated his willingness to proceed with the sentencing (see, People v McDermott, 146 AD2d 874, 875, lv denied 73 NY2d 1018).

Finally, viewing the evidence, the law and the circumstances of this case together, we conclude that defendant's right to effective assistance of counsel has been satisfied (see, People v Satterfield, 66 NY2d 796, 799-800).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.