■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ROSADO, Appellant. [606 NYS2d 368] —Cardona, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered May 13, 1991 in Albany County, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, burglary in the first degree and robbery in the second degree.

The record shows that prior to his guilty plea, defendant

entered into a plea bargain by which he agreed to plead guilty to the entire indictment and waive his right to appeal in exchange for an indeterminate sentence of imprisonment not to exceed 15 years to life either as a persistent felony offender or persistent violent felony offender. After his guilty plea, Supreme Court properly conducted a hearing pursuant to CPL 400.16 and 400.20 and found defendant to be a persistent violent felony offender and persistent felony offender as defined in Penal Law §§ 70.08 and 70.10 (1). Thereafter, the court sentenced defendant to an indeterminate term of imprisonment of 15 years to life for each of the three convictions and directed that the sentences be served concurrently, in accordance with the plea bargain.

Defendant contends that he was deprived of his constitutional right to effective assistance of counsel, that he was improperly denied his right to cross-examine the complainant during the persistent felony offender hearing in violation of his constitutional right to confront his accuser, and that he was improperly adjudicated a persistent violent felony offender or persistent felony offender.

Initially, we note that defendant does not challenge the validity of his guilty plea in which he waived his appellate rights. However, "a waiver of appeal will not foreclose a defendant's right to challenge the competency of the legal representation relied upon in accepting the plea bargain and entering the guilty plea" (People v Ferguson, 192 AD2d 800, lv denied 82 NY2d 717; see, People v Seaberg, 74 NY2d 1, 10-11). Defendant's claim that counsel rendered ineffective assistance because he permitted defendant to plead guilty to rape in the first degree when the prosecution lacked evidence of corroboration lacks merit under the circumstances of this case. Penal Law § 130.16 requires corroboration of the victim's testimony if the lack of consent "results solely from incapacity to consent because of the victim's mental defect, or mental incapacity". Here defendant was charged with a single violation of subdivision (1) of Penal Law § 130.35 alleging sexual intercourse by forcible compulsion, not lack of consent. Furthermore, the plea agreement "resulted in a substantial reduction in defendant's sentencing exposure" (People v Hayes, 194 AD2d 998). A review of the record reveals that defendant was provided meaningful representation under the circumstances (see, People v Satterfield, 66 NY2d 796, 798-799; People v Baldi, 54 NY2d 137, 146-147) when he accepted the plea bargain and entered his plea of guilty.

A review of the actual gist of defendant's other claims

reveals that each is really premised upon procedural rulings made during the persistent felony offender hearing. Because the power of the court is not implicated by these challenges, appellate review of them is foreclosed by the bargained-for waiver of appeal (see, People v Callahan, 80 NY2d 273, 285; see also, People v Allen, 82 NY2d 761; People v Moissett, 76 NY2d 909). In any event, were we to reach the merits, we would find that defendant was not prohibited from confronting his accuser by asking any questions of the complainant which were pertinent to his "history and character" and "the nature and circumstances of his criminal conduct" as it related to the issues of "extended incarceration and lifetime supervision" (CPL 400.20 [1]). Furthermore, based upon our review of the record, defendant was properly adjudicated both a persistent felony offender and a persistent violent felony offender.

Weiss, P. J., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.