■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

John P. Decoste, Appellant. [611 NYS2d 40] —Mikoll, J. P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered January 7, 1993, convicting defendant upon his plea of guilty of the crimes of criminal sale of a firearm in the third degree and attempted criminal sale of a controlled substance in the third degree (two counts).

The issue here is whether County Court can enhance a sentence when defendant breaches a specific condition of a plea negotiation, which, in this instance, was to pay a fine. In satisfaction of three indictments, defendant pleaded guilty to two counts of attempted criminal sale of a controlled substance in the third degree and criminal sale of a firearm in the third degree. Defendant was to be sentenced as a second felony offender on all three counts. Specifically, with regard to one count of attempted criminal sale of a controlled substance, defendant was promised a prison sentence of 3½ to 7 years conditioned on him paying a $2,000 fine at sentencing. On the remaining drug-related count and the firearm count, defendant was promised a prison sentence of 2 to 4 years and 3½ to 7 years, respectively; all sentences were to run concurrently with one another. Defendant was also to pay $270 in restitution. County Court ordered a presentence investigation and instructed defendant that if it were unable to fulfill the agreed-upon sentence, it would allow defendant to withdraw his plea.

At sentencing, defendant's counsel informed County Court that defendant was unable to pay the $2,000 fine and requested that the court permit a withdrawal of defendant's plea. The request was denied and, as a result of his inability to pay the fine, defendant's sentence on one count of attempted criminal sale of a controlled substance in the third degree was increased from 3½ to 7 years' imprisonment to 4½ to 9 years' imprisonment. Defendant was sentenced on the remaining two charges as agreed upon and ordered to pay restitution in the amount of $270.

It has been held that a sentence can be enhanced if defendant violates explicit conditions of plea negotiation (see, People v Dickerson, 110 AD2d 846, lv denied 66 NY2d 762). If a court is unwilling or unable to sentence a defendant in accordance with its promise, the defendant must be given an opportunity to withdraw the plea (see, People v Torres, 45 NY2d 751; People v Selikoff, 35 NY2d 227, cert denied 419 US 1122). The record does not indicate that defendant was advised that a harsher sentence would ensue should he be unable to fulfill

the financial conditions of the plea, nor can it be implied otherwise from the record. County Court conducted no inquiry as to the reason for defendant's failure to pay the $2,000 fine. We note that the probation report indicates that defendant is indigent. County Court deprived defendant of an opportunity to explain the factor that caused the court to increase his prison sentence, a practice of which this Court does not approve (see, People v Banks, 161 AD2d 957).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentences imposed; matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.