■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. LUNAN, Appellant. [614 NYS2d 944] —Cardona, P. J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered May 28, 1992, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant pleaded guilty to the crime of burglary in the first degree and was sentenced as a second felony offender to a term of imprisonment of 4½ to 9 years. On this appeal, defendant contends that he should be allowed to withdraw his guilty plea and that the indictment should be dismissed based upon prosecutorial misconduct and ineffective assistance of counsel.

Defendant first contends that he was subjected to various instances of prosecutorial misconduct, including coercion in obtaining defendant's inculpatory statements and denial of his right to counsel. A review of the plea colloquy reveals that defendant's guilty plea was knowing, voluntary and intelligent. By pleading guilty and thereby admitting the commission of the crime charged, defendant has forfeited appellate review of his contention that he was subjected to preindictment prosecutorial misconduct (see, People v Di Raffaele, 55 NY2d 234, 240; People v D'Angelo, 145 AD2d 783, lv denied 73 NY2d 976, 1013; People v Persico, 131 AD2d 603, lv denied 70 NY2d 716). In any event, defendant's decision to plead guilty prior to hearings on his suppression motions relating to this misconduct precluded the making of a record, thus foreclosing appellate review (see, People v Fernandez, 67 NY2d 686).

Defendant also contends that he was denied the effective assistance of counsel by defense counsel's failure to pursue pretrial hearings to suppress evidence and to dismiss the indictment, and the failure of counsel to adequately confer with him. Although defendant's contention that he was denied the effective assistance of counsel survives his guilty plea (see, People v Rosado, 199 AD2d 833, 834; People v Ferguson, 192 AD2d 800, lv denied 82 NY2d 717), defendant has failed on this record to demonstrate that defense counsel had no strategic or other legitimate explanations to forego pursuit of the "colorable" claims alleged so as to rebut the presumption that counsel acted competently (see, People v Rivera, 71 NY2d 705, 709). In addition, defendant received the most lenient sentence

possible under the facts of this case. Where, as here, a defendant receives an advantageous plea and the record contains no evidence of ineffectiveness, a defendant is deemed to have received meaningful representation *(see, People v Boodhoo,* 191 AD2d 448; *People v Lynch,* 156 AD2d 884, *lv denied* 75 NY2d 921).

Defendant has similarly failed to present evidence to support his claim that defense counsel did not adequately confer with him and, in fact, in the plea proceeding defendant affirmatively stated that he was satisfied with the representation he had received. We therefore conclude on this record that defendant's contention is meritless. Further consideration of these issues on this direct appeal is precluded by the lack of a sufficient record *(see, People v Perez,* 198 AD2d 540, *lv denied* 82 NY2d 923, 929; *People v Pardoe,* 147 AD2d 820).

White, Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.