■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIAN ACEVEDO, Appellant. [628 NYS2d 737] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered May 3, 1994, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As part of the plea agreement, the court promised that it would sentence the defendant to a minimum of 2 to 6 years to a maximum of 3 to 9 years, which the court would set after reading the probation report. The defendant claims that the court broke its promise when it sentenced him to 3 to 9 years even though his probation report was favorable, and he had complied with all of the court's conditions pending sentence. The defendant claims he should have been sentenced to the minimum sentence of 2 to 6 years. We reject the defendant's contention. The court made no explicit promise that it would impose the minimum promised sentence if the probation report was favorable and the defendant complied with the court's conditions. The defendant was fully aware that he could face a sentence of 3 to 9 years, and since this sentence was freely bargained for he has no basis to complain that the sentence is excessive (see, People v Kazepis, 101 AD2d 816). In any event, at the time he entered his plea, the defendant knowingly and voluntarily waived his right to appeal. Thus, he is precluded from claiming his sentence is excessive (see, People v Callahan, 80 NY2d 273; People v Green, 200 AD2d 687; People v Sanchez, 198 AD2d 244).

The defendant's claim that he was deprived of effective assistance of counsel is without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.