■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN M. HARTFORD, Appellant. [629 NYS2d 822] —Cardona, P. J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 1, 1993, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to the crime of burglary in the

third degree. As part of the plea bargain, defendant agreed to waive his right to appeal all aspects of the proceeding other than sentencing. He was ultimately sentenced to an indeterminate term of imprisonment of $1^1/3$ to 4 years.

On this appeal, defendant first contends that he was denied the effective assistance of counsel due to the failure of defense counsel to make certain pretrial motions on his behalf. Initially, we note that defendant's waiver of appeal does not foreclose his right to challenge the competency of his legal representation (see, People v Rosado, 199 AD2d 833, lv denied 83 NY2d 876; People v Ferguson, 192 AD2d 800, lv denied 82 NY2d 717). Nevertheless, defendant has failed to demonstrate that defense counsel had no strategic or other legitimate explanations to forego pursuit of what defendant claims were necessary pretrial motions so as to rebut the presumption that counsel acted competently (see, People v Garcia, 75 NY2d 973; People v McMoore, 214 AD2d 893; People v Lunan, 206 AD2d 671). We find that defendant was provided meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147) when he accepted the plea arrangement and entered his plea.

Defendant next claims that County Court erred in not offering him the opportunity to withdraw his guilty plea. At the time defendant entered his plea, the District Attorney stated that as part of the agreement, he would follow the recommendation of the Probation Department as to defendant's sentence. The latter ultimately recommended that defendant be sentenced to five years' probation with an initial 180-day jail term, and the District Attorney adhered to his commitment to follow this recommendation. County Court disagreed and imposed the harsher prison sentence. Defendant argues that because the court did not follow the recommended sentence he should have been permitted to withdraw his plea.

It is true that if a court is unwilling or unable to sentence a defendant in accordance with its promise as to sentencing, the defendant must be given an opportunity to withdraw the plea (see, People v Decoste, 203 AD2d 726). That, however, presupposes that the court has made a commitment on sentence at the time the plea was entered. Here, no such commitment was made by County Court. It was only the District Attorney who agreed to follow the Probation Department's recommendation. The plea allocution reveals that the court told defendant that his sentence could range anywhere from a probationary term to a prison term of as high as seven years. It also specifically asked defendant whether, other than the District Attorney's agreement to follow the Probation Department's recommenda-

tion, anyone else, including the court, had made any promises with respect to sentencing, to which defendant responded in the negative. The court thus made it clear that it was not a party to any sentencing agreement (*see generally*, *People v Dunn*, 173 AD2d 725, *lv denied* 78 NY2d 1010). Therefore, in imposing a more severe sentence than that recommended by the Probation Department, County Court was under no obligation to give defendant the opportunity to withdraw his plea.

We also note that defendant did not move to withdraw his guilty plea and thus failed to preserve this issue for appellate review (*see*, *People v Shannon*, 175 AD2d 614, *lv denied* 79 NY2d 832). Although defendant claims that the fact that his defense counsel failed to make such a motion is additional proof of his ineffectiveness of counsel, given our conclusion that defendant was not entitled to withdraw his plea, this claim is meritless.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.