■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO COLOMBO, Appellant. [663 NYS2d 1006] —Appeal by the defendant, as limited by his motion, from (1) a sentence of the County Court, Suffolk County (Weissman, J.), imposed August 2, 1996, under Indictment No. 1301A/96, upon his conviction of robbery in the second degree, the sentence being a determinate term of 6½ years imprisonment, and (2) an amended sentence of the same court, also imposed August 2, 1996, under Indictment No. 1464/95, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his admission, the amended sentence being an indeterminate term of 2½ to 5 years imprisonment upon his previous conviction of robbery in the third degree, to run concurrently with the sentence imposed under Indictment No. 1301A/96.

Ordered that the sentence is affirmed; and it is further,

Ordered that the amended sentence is modified, on the law, by reducing it to an indeterminate term of 1⅔ to 5 years imprisonment.

Because the conviction under Indictment No. 1464/95 was the defendant's first felony conviction, the amended sentence of 2½ to 5 years imprisonment was illegal (*see,* Penal Law § 70.00 [3] [b]). We have remedied the illegality by reducing the minimum term of imprisonment (*see, People v Hoppie,* 220 AD2d 528).

The defendant's contention that the sentence imposed on Indictment No. 1301A/96 was unduly harsh and excessive is precluded by his waiver of the right to appeal (*see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). In any event, the contention is without merit. Mangano, P. J., Bracken, Copertino, Sullivan and McGinity, JJ., concur.