■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PRATT, Appellant. [669 NYS2d 639] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 23, 1996, and (2) an amended judgment of the same court rendered July 19, 1996, convicting him of assault in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the appeal from the judgment rendered April 23, 1996, is dismissed, as that judgment was superseded by the amended judgment rendered July 19, 1996; and it is further,

Ordered that the amended judgment is modified, on the law,

by reversing the conviction of assault in the first degree with respect to the victim Charles Pratt, vacating the plea of guilty to that offense, and vacating the sentence imposed thereon; as so modified, the amended judgment is affirmed.

Pursuant to Kings County Indictment No. 14799/95, the defendant was charged, *inter alia,* with two counts of assault in the first degree and one count of assault in the second degree for the stabbing of his girlfriend, Celia Albergotti, as well as one count of assault in the second degree for the stabbing of his brother, Charles Pratt. Thereafter, the defendant agreed to plead guilty to one count of assault in the first degree with respect to Albergotti in full satisfaction of the indictment and in exchange for a promised sentence of 4 to 12 years imprisonment (subsequently amended to 4 to 8 years imprisonment pursuant to Penal Law § 70.02 [4]). However, following the defendant's allocution to first degree assault as to Albergotti, he also was asked by the prosecutor to admit to the stabbing of his brother, which he did. Following a rather confusing exchange, the court and the prosecutor indicated that the defendant had pleaded guilty to two counts of assault in the first degree (one as to each of the two victims), and the court ultimately sentenced the defendant to concurrent terms of 4 to 8 years imprisonment. We now modify the amended judgment by reversing the conviction of assault in the first degree relating to the defendant's brother.

The defendant's plea of guilty to assault in the first degree with respect to his brother, as well as the sentence imposed on that conviction, must be vacated. Since the indictment never charged the defendant with that crime, and that crime did not constitute a lesser-included offense of any other charge in the indictment, that portion of the defendant's plea of guilty is not permitted by CPL 220.10 and cannot stand (*see, People v Johnson,* 89 NY2d 905). However, the defendant's valid plea of guilty to assault in the first degree with respect to Albergotti remains unaffected. The parties' negotiated plea agreement, as set forth on the record, neither required nor was made contingent upon a plea of guilty to any offense committed by the defendant against his brother. Rather, it appears that the prosecutor's request for an allocution regarding the stabbing of the brother was a mere afterthought injected into the middle of the plea proceedings. Therefore, inasmuch as the plea to assault in the first degree with respect to Albergotti fully satisfied the terms of the plea agreement, which was made in full satisfaction of the indictment, the plea to that offense stands, and there is no basis for remitting the case for proceedings on any portion of the indictment.

The defendant's challenge to the sufficiency of the factual allocution is unpreserved for appellate review (*see, People v Lopez,* 71 NY2d 662; *People v Claudio,* 64 NY2d 858; *People v Hayes,* 239 AD2d 358; *People v Hicks,* 201 AD2d 831).

The defendant's remaining contentions either have been abandoned (*see, People v Graves,* 85 NY2d 1024, 1027), are without merit, or were waived as part of his plea agreement (*see, People v Lucas,* 243 AD2d 731; *People v Colombo,* 243 AD2d 643). Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.