■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER B. RHODES, SR., Appellant. [674 NYS2d 865] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered February 5, 1997, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Upon defendant's plea of guilty to the crime of burglary in the third degree, the District Attorney and defense counsel jointly recommended a one-year jail term, to which County Court did not agree to be bound. Defendant also waived his right to appeal. On the day of sentencing, the People filed a statement alleging that defendant was the subject of a prior felony conviction. The People requested, in a motion joined by defense counsel, that defendant be sentenced to a term of 2 to 4 years' incarceration. County Court sentenced defendant as a second felony offender to an indeterminate term of imprisonment of 3½ to 7 years. Defendant appeals.

We affirm. Initially, we note that defendant's right to challenge the voluntariness of his plea based on the competency of his legal representation is not foreclosed despite his failure to move to withdraw the plea and his waiver of the right to appeal (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982). We find, however, nothing in the record to support defendant's claim that his plea was rendered involuntary by defense counsel's conduct. Since the underlying complaint charged burglary in the second degree, defense counsel clearly negotiated an advantageous plea and, as a result, defendant was provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147).

Moreover, we find defendant's contention, that defense counsel's failure to move to withdraw the plea is additional proof of his ineffectiveness, to be without merit. The transcript of the plea allocution demonstrates that County Court "made it

clear that it was not a party to any sentencing agreement" (*People v Hartford*, 217 AD2d 798, 800). County Court told defendant that he would be subject to a prison term of up to seven years and that, although defense counsel and the District Attorney were jointly recommending a one-year jail sentence, County Court was not promising that he would not be given a prison term. Since County Court did not make a commitment regarding sentencing at the time the plea was entered, it was under no obligation to give defendant the opportunity to withdraw his plea before imposing a more severe sentence than that which the People promised to recommend (*see, id.*, at 800). Accordingly, defense counsel's failure to move to withdraw the plea did not prejudice defendant and, as a result, it cannot be said that defendant's assistance was meaningless (*see, People v Ford*, 86 NY2d 397, 405).

Finally, County Court gave defendant every opportunity to controvert the prior felony conviction (*cf., People v Bryant*, 180 AD2d 874, 876) and, therefore, we find no reason to disturb the judgment on that basis.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.