THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY WOOD, II, Appellant. [701 NYS2d 212] —Judgment unanimously affirmed. Memorandum: The contention of defendant that County Court erred in refusing to permit him to withdraw his guilty plea when it refused to adhere to its sentencing commitment is without merit. The record establishes that the court initially indicated to defendant that it would permit him to withdraw his guilty plea if it could not sentence him pursuant to the terms of his plea agreement with the District Attorney's office. Before defendant pleaded guilty, however, the court clarified its position and advised defendant that it would make no sentencing commitment and that it would not permit him to withdraw his guilty plea if it could not sentence him pursuant to the terms of his plea agreement. In response to the court's inquiry, defendant indicated that he understood the court's position and still wished to plead guilty. Because the court did not make a commitment regarding sentencing at the time defendant's plea was entered, it was not required to give defendant an opportunity to withdraw his guilty plea before imposing a more severe sentence than that recommended by the People (*see, People v Rhodes*, 251 AD2d 906, 907, *lv denied* 92 NY2d 929; *People v Hartford*, 217 AD2d 798, 799-800). The

sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Kehoe, J.—Felony Driving While Intoxicated.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Balio, JJ.