■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS DANIELS, Appellant. [732 NYS2d 923] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of four counts of robbery in the first degree (Penal Law § 160.15 [2], [4]). During the plea colloquy, defendant gave a complete factual recitation concerning the robberies and his apprehension by police; waived his rights, including the right to appeal; and advised Supreme Court that he was not forced to plead guilty and that he was satisfied with the services of defense counsel. The court agreed to impose four concurrent determinate terms of imprisonment of 17 years each. At sentencing, the court noted that it had received a letter from defendant advising that he wished to withdraw his plea of guilty because he was dissatisfied with his attorney. The court then afforded defendant the opportunity to state his reasons for seeking to withdraw his plea (see, People v Tinsley, 35 NY2d 926, 927). Defendant stated that he was dissatisfied with his attorney because he felt he had no choice but to accept the plea. He further indicated that he did not understand the terms of the plea agreement with respect to the sentence. As a preliminary matter, we note that defendant's waiver of the right to appeal does not encompass the "right to challenge the competency of the legal representation relied upon in accepting the plea bargain and entering the guilty plea" (People v Ferguson, 192 AD2d 800, lv denied 82 NY2d 717). We conclude, however, that the court did not abuse its discretion in denying defendant's motion to vacate the plea (see generally, People v Muccigrosso, 269 AD2d 754, lv denied 95 NY2d 800; People v Peavy, 225 AD2d 1082, lv denied 88 NY2d 883). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.