■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE L., Appellant. [795 NYS2d 263]—

Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Honorof, J.), imposed August 24, 2004, upon his conviction of manslaughter in the second degree, upon his plea of guilty, the sentence being 1⅓ to 4 years as a youthful offender.

Ordered that the sentence is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant pleaded guilty to manslaughter in the second degree in satisfaction of other charges arising from a fatal motor vehicle accident. The plea bargain included an agreement that the defendant would be sentenced as a youthful offender to an unspecified sentence. The defendant contends that his sentence was illegally enhanced as a result of the County Court being influenced by unproven allegations contained in the presentence report that he was under the influence of cocaine at the time of the fatal automobile accident herein, and that he had threatened a witness to conceal his drug use. However, review of this issue is precluded as a result of the defendant's knowing, intelligent, and voluntary waiver of his right to appeal (*see People v Hicks*, 201 AD2d 831 [1994]).

In any event, the defendant's contentions are without merit. In *Apprendi v New Jersey* (530 US 466, 490 [2000]) the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt" or admitted (emphasis supplied). Indeed, in *Blakley v Washington* (542 US 296, —, 124 S Ct 2531, 2537, citing *Ring v Arizona*, 536 US 584 [2002]) the Court reiterated that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Here, the defendant was sentenced to the maximum permissible indeterminate sentence within the range of sentences prescribed by the Legislature for a youthful offender who has committed the crime of second degree manslaughter (*see* Penal Law § 60.02 [2]; § 70.00 [2] [e]; [3] [b]); he was not

sentenced to a term beyond the prescribed statutory maximum. Thus, the defendant's reliance upon *Apprendi, Blakley,* and *Ring* is misplaced (*cf. United States v Booker,* — US —, 125 S Ct 738 [2005]).

Insofar as the defendant contends that he would have received a more lenient indeterminate sentence but for the alleged inaccurate information in the presentence report, his contentions are wholly speculative and lack a foundation in law or fact.

The defendant's remaining contentions are without merit (*see e.g. People v Tatro,* 8 AD3d 823 [2004]; *People v Archangel,* 272 AD2d 686 [2000]; *People v Acevedo,* 216 AD2d 476 [1995]). Prudenti, P.J., S. Miller, Ritter, Santucci and Rivera, JJ., concur.