# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**433**

**KA 11-00997**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

NICOLE L. COLUCCI, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered April 14, 2011. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]). We reject defendant's contention that her waiver of the right to appeal was invalid (*see generally People v Lopez*, 6 NY3d 248, 256). The plea colloquy and the written waiver of the right to appeal signed by defendant demonstrate that she knowingly, intelligently and voluntarily waived the right to appeal (*see People v James*, 71 AD3d 1465, 1465), and the record establishes that " 'defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794, quoting *Lopez*, 6 NY3d at 256).

Defendant's further contention that County Court erred in relying upon improper statements by the prosecutor during sentencing does not survive defendant's valid waiver of the right to appeal "inasmuch as defendant is essentially challenging the procedure pursuant to which [she] was sentenced . . ., rather than the legality of the sentence . . . 'Because the power of the court is not implicated by [that] challenge[ ], appellate review of [that challenge] is foreclosed by the bargained-for waiver of [the right to] appeal' " (*People v Adams*, 64 AD3d 1186, 1187, *lv denied* 13 NY3d 834).

Finally, defendant's challenge to the severity of the sentence is

encompassed by her valid waiver of the right to appeal (*see Lopez*, 6 NY3d at 255-256; *People v Hidalgo*, 91 NY2d 733, 737).

Entered: April 20, 2012

Frances E. Cafarell
Clerk of the Court