Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered June 22, 2011, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence.
Ordered that judgment is affirmed.
The defendant knowingly, voluntarily, and intelligently waived her right to appeal as part of her negotiated plea agreement (see People v Bradshaw, 18 NY3d 257 [2011]; People v Lopez, 6 NY3d 248 [2006]; People v Kemp, 94 NY2d 831, 833 [1999]). The defendant’s valid waiver of her right to appeal precludes appellate review of her challenge to the factual sufficiency of the plea al *645 locution (see People v Crews, 92 AD3d 795 [2012]; People v Hardee, 84 AD3d 835 [2011]).
Although the defendant’s challenge to the voluntariness of the plea survives her waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]), the defendant has failed to preserve this contention for appellate review, since she did not move to withdraw her plea on this ground prior to the imposition of sentence (see CPL 220.60 [3]; 470.05 [2]; People v Toxey, 86 NY2d 725, 726 [1995]; People v Andrea, 98 AD3d 627 [2012]). The “rare case” exception to the preservation rule does not apply here because the defendant’s plea allocution did not cast significant doubt upon her guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Gibson, 95 AD3d 1033 [2012]).
The defendant contends that the County Court erred in denying her motion to strike certain allegedly inaccurate information from the presentence investigation report. She contends that her waiver of the right to appeal did not encompass this issue since, at the time she entered into the waiver, there was no specific reference to the presentence investigation report. Contrary to this contention, “an unrestricted waiver of the right to appeal, knowingly, voluntarily and intelligently made, will bar consideration of a future appellate claim despite the fact that, at the time the appeal waiver was exacted, the defendant had not expressly waived every potential claim or available defense” (People v Muniz, 91 NY2d 570, 574 [1998]). Further, “except where the very power of the court is implicated, appellate challenges to the procedures utilized in determining and imposing sentence . . . may effectively be waived” by a valid waiver of the right to appeal (People v Callahan, 80 NY2d 273, 281 [1992] [citations omitted]). Here, the defendant’s contention implicates the procedures utilized in determining and imposing sentence rather than the power of the court or the legality of the sentence, and consequently, her contention was effectively waived by her waiver of the right to appeal (see People v Andre L., 18 AD3d 575, 576 [2005]; People v Hicks, 201 AD2d 831, 832 [1994]; People v Moquette, 200 AD2d 854 [1994]; cf. People v Esquivel, 100 AD3d 652 [2012]).
Similarly, the defendant’s contention that the prosecutor, during the sentencing hearing, improperly referred to evidence dehors the record is barred by her valid waiver of the right to appeal because it involves a challenge to the procedure at sentencing and not the power of the court or the legality of the sentence (see People v Colucci, 94 AD3d 1418, 1419 [2012]; *646 People v Adams, 64 AD3d 1186, 1187 [2009]). Angiolillo, J.E, Hall, Austin and Miller, JJ., concur.