# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**668**

**KA 13-01491**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN W. CARNEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN W. CARNEY, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 28, 2013. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. We reject that contention. The record establishes that County Court engaged defendant " 'in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976), and that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). The valid waiver of the right to appeal forecloses any challenge by defendant to the severity of the bargained-for sentence (*see id.* at 255; *see also People v Vincent*, 114 AD3d 1171, 1171, *lv denied* 23 NY3d 969; *People v Williams*, 49 AD3d 1280, 1280; *see generally People v Lococo*, 92 NY2d 825, 827).

Defendant's further contention that the court failed to comply with the procedural requirements of CPL 400.21 does not survive his valid waiver of the right to appeal inasmuch as he challenges the procedure pursuant to which he was sentenced as a second felony offender, rather than the legality of the sentence (*see People v*

*Adams*, 64 AD3d 1186, 1187, *lv denied* 13 NY3d 834).

Finally, we have examined defendant's remaining contentions in his pro se supplemental brief and conclude that none requires modification or reversal of the judgment.