People v Grubert (2018 NY Slip Op 02803)





People v Grubert


2018 NY Slip Op 02803


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-00672
 (Ind. No. 348/13)

[*1]The People of the State of New York, respondent,
v
Joel Grubert, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Kenneth C. Holder, J.), imposed January 8, 2014, upon his convictions of sexual abuse in the first degree and endangering the welfare of a child, upon his plea of guilty, the resentence being a period of 10 years of postrelease supervision upon his adjudication as a second child sexual assault felony offender, in addition to the determinate term of imprisonment previously imposed on December 5, 2013, upon his conviction of sexual abuse in the first degree, and a concurrent definite term of imprisonment of one year upon his conviction of endangering the welfare of a child.
ORDERED that the resentence is modified, on the law, by vacating the defendant's adjudication as a second child sexual assault felony offender and by reducing the period of postrelease supervision from 10 years to 6 years; as so modified, the resentence is affirmed.
The defendant was charged with three counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. He pleaded guilty to one count of sexual abuse in the first degree (Penal Law § 130.65[3]), a class D felony, and one count of endangering the welfare of a child (Penal Law § 260.10), a class A misdemeanor. As part of his plea agreement, he was promised a determinate term of imprisonment of five years plus six years of postrelease supervision, and he waived his right to appeal.
On December 5, 2013, the promised sentence was imposed. However, on January 8, 2014, the defendant returned to court for resentencing pursuant to Penal Law § 70.07 as a second child sexual assault felony offender. Insofar as relevant here, he was resentenced on his conviction of sexual abuse in the first degree to a determinate term of imprisonment of 5 years plus 10 years of postrelease supervision upon his adjudication as a second child sexual assault felony offender.
The defendant's waiver of his right to appeal was valid (see People v Lopez, 120 AD3d 1437). The waiver precludes review of the defendant's contention that the imposition of the enhanced term of postrelease supervision was procedurally improper (see People v Abdul, 112 AD3d 644, 645; People v Colucci, 94 AD3d 1418, 1419; People v Backus, 43 AD3d 409, 410). However, the issue of whether the defendant is a second child sexual assault felony offender is not waived, since that issue relates to the legality of the sentence (see People v Ifill, 96 AD3d 974).
Penal Law § 70.07(2) defines a sexual assault against a child, in pertinent part, as a "felony offense, . . . (a) the essential elements of which include the commission or attempted commission of sexual conduct, as defined in subdivision ten of section 130.00 of this chapter, (b) committed or attempted to be committed against a child less than fifteen years old." Penal Law § 130.00(10) defines sexual conduct as "sexual intercourse, oral sexual conduct, anal sexual conduct, aggravated sexual contact, or sexual contact." Sexual contact could mean the defendant touching a child, a child touching the defendant, or the defendant causing a third person to touch a child (see People v Ditta, 52 NY2d 657, 661).
The defendant was previously convicted of possessing a sexual performance by a child (Penal Law § 263.16). A person is guilty of that offense when, "knowing the character and content thereof, he [or she] knowingly has in his [or her] possession or control, or knowingly accesses with intent to view, any performance which includes sexual conduct by a child less than sixteen years of age" (Penal Law § 263.16). The sexual conduct referred to is performed by a child, not the defendant or a person acting at the behest of the defendant, and the crime is getting access or control of the performance so the defendant can watch it—not necessarily causing the sexual conduct to occur. As the People correctly concede, the defendant's prior conviction of possessing a sexual performance by a child did not require sexual contact, and therefore, the defendant is not a second child sexual assault felony offender.
Accordingly, the defendant's adjudication as a second child sexual assault felony offender must be vacated, and the period of postrelease supervision must be reduced to six years.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court