■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUBREY RAWLINGS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 2, 1983, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant that the eight-person photographic array was unduly suggestive. A photographic array is suggestive when some characteristic of one picture draws the viewer's attention to that picture indicating that the police have made a particular selection. Upon our examination of the array, we do not find that any aspect of the defendant's photograph differed in any significant manner from the photographs of the fillers. Even if there were any suggestiveness in the pretrial identification procedure, we note that since the witness observed the defendant in a well-lit area for about 30 minutes, this witness had an independent basis for her in-court identification of the defendant *(see, People v Adams,* 53 NY2d 241; *People v Grate,* 130 AD2d 590; *People v Malphurs,* 111 AD2d 266).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention, that the court's charge as to accessorial liability was deficient and supported by an "anecdotal" analogy is without merit. Inasmuch as the court read the statutory definition of accessorial liability to the jury and explained that a participant must act knowingly and with the intent to commit the crime, we find that the jury was properly instructed as to the elements of accessorial liability *(see, People v Lilly,* 139 AD2d 671; *People v Newton,* 120 AD2d 751).

We further find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Kunzeman, Sullivan and Miller, JJ., concur.