■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MERRIWEATHER, Appellant.—Judgment, Supreme Court, New York County (Irving Lang, J.), rendered March 24, 1988, convicting defendant after a jury trial of attempted robbery in the first degree and assault in the second degree and sentencing him as a persistent violent felony offender to concurrent terms of 22 years to life and 15 years to life, respectively, unanimously affirmed.

Defendant attempted to rob his victim, who was returning from the bank carrying some $10,000 in cash, at gunpoint, in mid-afternoon, near Fifth Avenue and 37th Street. During the struggle, defendant beat the victim several times with the gun before fleeing. This attempted robbery was observed by several witnesses, one of whom followed defendant on foot for several blocks, during which time defendant entered an alley by a restaurant, abandoned his coat, and emerged wearing a different jacket. This witness immediately notified police, who apprehended defendant.

With respect to defendant's claim that he was improperly impeached concerning his post-arrest silence, whatever impropriety occurred would not warrant reversal. Although counsel objected to the questions, he never requested curative instruc-

tions, either when his objection was sustained or during final instructions. Nor did defendant timely move for a mistrial; the motion was not made until after the defense had rested. For these reasons, we conclude that defendant has waived any claim. *(People v Bryant,* 163 AD2d 406.)

Nor do we find any basis for a reversal in the court's instructions to the jury on the elements of robbery in the first degree. The charge, taken as a whole, conveyed the basic legal principles that defendant had to intend to forcibly steal *(People v Mosley,* 67 NY2d 985). We note that the court defined robbery directly from the statute *(People v Rawlings,* 159 AD2d 655, 656).

Defendant's claims with respect to the prosecutor's summation are unpreserved for review as a matter of law and we decline to address them and we find no abuse in the sentence imposed. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.