■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRENNAN, Appellant. [635 NYS2d 39] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 30, 1993, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the hearing court's determination that the pretrial identification procedures used by the police in this case were not suggestive. Each witness independently viewed between 1,800 and 2,000 photographs and selected only photographs of the defendant. The photographic procedure, therefore, could in no way be termed suggestive *(see, People v Wiredo,* 138 AD2d 652).

As to the lineup, the failure of the police to preserve a photograph of the lineup created a presumption of suggestiveness *(see, People v Simmons,* 158 AD2d 950; *People v Foti,* 83 AD2d 641). That presumption was rebutted, however, by the other testimony and evidence in the record which demonstrated that the procedures utilized were not impermissibly suggestive *(see, People v Simmons, supra).* Here, photographs of the lineup fillers were taken approximately 10 months after the original lineup was held, and the police officer who was present at the lineup testified about the height and weight of the fillers, whether they had gained or lost any weight between the lineup and the reconstruction, and their positions in the lineup.

The defendant's remaining contentions are, for the most part, either unpreserved for appellate review or without merit. To the extent there were any errors, they were harmless. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.