■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAWAN BLUE, Appellant. [699 NYS2d 879] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered July 25, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. A photographic array is suggestive when some characteristic of an individual's picture draws the viewer's attention to that picture indicating that the police have made a particular selection. Contrary to the defendant's contention, there is no indication that the manner in which the photographs were displayed was unduly suggestive or that the defendant differed significantly from the photograph fillers (*see, Matter of James H.,* 34 NY2d 814; *People v Rawlings,* 159 AD2d 655).

While lineup participants should have the same general physical characteristics as those of the suspect, there is no requirement that a defendant be surrounded by individuals nearly identical to him in appearance (*see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Rodriguez,* 64 NY2d 738, 740-741; *People v Folk,* 233 AD2d 462; *People v*

*Christenson,* 188 AD2d 659). Since the lineup participants were similar to the defendant in weight and attire, minor variations in age did not render the lineup impermissibly suggestive or conducive to mistaken identification.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.