■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNEL NESBITT, Appellant. [847 NYS2d 861]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 26, 2007 (*People v Nesbitt,* 41 AD3d 866 [2007]), affirming a judgment of the County Court, Nassau County, rendered September 28, 2005.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Miller, J.P., Mastro, Krausman and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHAWN PITTS, Appellant. [849 NYS2d 91]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered November 8, 2000, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress identification testimony. With regard to the lineup conducted on February 25, 2000, upon our examination of the lineup photograph, we agree with the hearing court that this lineup was not unduly suggestive (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Richards,* 2 AD3d 883 [2003]). Moreover, as to the lineup conducted on August 16, 2000, although the photograph provided to this Court does not accurately depict that lineup, the other testimony and evidence in the record demonstrate that the procedures utilized were not impermissibly suggestive (*see People v Brennan,* 222 AD2d 445 [1995]).

The defendant's remaining contentions are without merit. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.