■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS FIELDS, Appellant. [887 NYS2d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 15, 2005, convicting him of criminal sale of a controlled substance in the third degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Katz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the photographic identification procedure was unduly suggestive is unpreserved for appellate review, since he failed at the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]) to raise the specific grounds upon which he now challenges the procedure (*see* CPL 470.05 [2]; *People v Lago,* 60 AD3d 784, 784-785 [2009]). In any event, the evidence adduced at the hearing established that the pretrial identification procedure was not unduly suggestive. The volume of photographs viewed by the undercover officer militates against the presence of suggestiveness (*see People v Mason,* 138 AD2d 411, 412 [1988]). As the photographic identification procedure was not unduly suggestive, the People were not required to establish an independent source for the in-court identification of the defendant (*see People v Mathis,* 55 AD3d 628 [2008]).

The defendant's contention that the record developed at the *Wade* hearing established that his arrest was made without probable cause is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the defendant failed to seek a *Dunaway* hearing (*see Dunaway v New York,* 442 US 200 [1979]), and this Court may not rely upon the record of the *Wade* hearing to decide the merits of an unlitigated ground for suppression (*see People v Cabrera,* 61 AD3d 884 [2009]).

The defendant's contentions raised in point three of his brief are unpreserved for appellate review and, in any event, are without merit. The defendant's contentions raised in points five and six of his brief are without merit. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur. [*See* 8 Misc 3d 1009(A), 2005 NY Slip Op 51000(U).]