THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNYS ACEVEDO, Appellant. [925 NYS2d 523]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered December 4, 2008, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the photographic identification procedure was unduly suggestive is unpreserved for appellate review, since he failed, at a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), to raise the specific grounds upon which he now challenges the procedure (*see* CPL 470.05 [2]; *People v Fields*, 66 AD3d 799 [2009]; *People v Lago*, 60 AD3d 784, 784-785 [2009]). In any event, the defendant's claim that the photographs of the fillers used in the six-person photo array were so dissimilar in appearance from his own photograph that they rendered the array unduly suggestive is not supported by the record (*see People v Seymour*, 77 AD3d 976, 978 [2010]; *People v Russell*, 58 AD3d 759, 760 [2009]; *People v Howard*, 50 AD3d 823 [2008]; *People v Ragunauth*, 24 AD3d 472, 472-473 [2005]). Furthermore, the fact that one of the witnesses identified the defendant when presented with a stack of 27 photographs, and then four months later identified the same photograph of the defendant from the six-person photo array, did not render the photographic identification procedure unduly suggestive (*see generally People v Ortiz*, 84 AD3d 839 [2011]; *People v Seymour*, 77 AD3d 976 [2010]; *People v Hunte*, 276 AD2d 717 [2000]; *People v Martinez*, 2002 NY Slip Op 50165[U] [2002]).

The defendant contends that the evidence was legally insufficient to establish his intent to inflict serious physical injury upon the victim. Contrary to the People's contention, the de-

fendant's challenge is preserved for appellate review (*see People v Mendez*, 34 AD3d 697 [2006]; *People v Soto*, 8 AD3d 683 [2004]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant intended to cause serious physical injury to the victim and caused the victim's death (*see* Penal Law § 125.20 [1]; *People v Pickens*, 60 AD3d 699, 702 [2009]; *People v Wilson*, 49 AD3d 673, 674 [2008]; *People v Bisono*, 37 AD3d 844 [2007]; *People v Love*, 37 AD3d 618, 619 [2007]; *People v Gill*, 20 AD3d 434 [2005]; *People v Barnes*, 265 AD2d 169 [1999]; *People v Angel*, 185 AD2d 356, 358 [1992]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court should have instructed the jury with regard to the defense of justification under Penal Law § 35.15 is unpreserved for appellate review, since he never requested such a charge (*see People v Harrell*, 59 NY2d 620, 622 [1983]; *People v Moore*, 66 AD3d 707, 709-710 [2009], *affd* 15 NY3d 811 [2010]; *People v White*, 305 AD2d 616 [2003]). In any event, contrary to the defendant's contention, the Supreme Court was not required to give the charge, sua sponte, as such an instruction would have interfered with the defendant's theory of the case that the People failed to demonstrate that he possessed the requisite intent, and that he was not an accessory under Penal Law § 20.00 (*see People v Kin Wong*, 81 AD3d 421 [2011]; *People v Johnson*, 75 AD3d 426 [2010]; *People v Moore*, 66 AD3d at 711-712; *People v Castano*, 236 AD2d 215 [1997]; *see generally People v DeGina*, 72 NY2d 768, 776 [1988]).

The defendant contends that he was deprived of a fair trial by various questions posed by the prosecutor when cross-examining him and his witness regarding their involvement and familiarity with a particular gang. While the prosecutor's questions pertaining to gang involvement were improper since there was no connection between gang membership and the alleged crime, they did not deprive the defendant of a fair trial (*see People v Turner*, 46 AD3d 847, 848 [2007]; *People v Sellan*, 143 AD2d 690 [1988]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.