■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT B. GREGORY, Appellant. [33 NYS3d 736]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered February 19, 2015, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence which included a fine in the sum of $5,000.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the provision of the sentence imposing a fine in the sum of $5,000; as so modified, the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]). The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Magnotta*, 137 AD3d 1303 [2016]).

The defendant's waiver of his right to appeal does not preclude appellate review of his contention that the County Court improperly imposed an enhanced sentence (*see People v Muhammad*, 47 AD3d 951, 952 [2008]). Although the defendant's contention is unpreserved for appellate review (*see People v Carrasquillo*, 133 AD3d 774, 775 [2015]; *People v Scoca*, 38 AD3d 801 [2007]), we reach the issue as a matter of discretion in the interest of justice.

The County Court improperly enhanced the defendant's sentence by imposing a fine that was not part of the negotiated plea agreement (*see People v Legette*, 131 AD3d 546, 547 [2015]; *People v Rossetti*, 55 AD3d 637, 637 [2008]). The relief the defendant requests in connection with this issue is vacatur of the provision of his sentence imposing the fine. Under the circumstances of this case, we deem it appropriate to vacate the provision of his sentence imposing a fine, so as to conform the sentence imposed to the promise made to the defendant in exchange for his plea of guilty (*see People v Roberts*, 139 AD3d 1092 [2016]; *People v Sheats*, 138 AD3d 894, 894-895 [2016]; *People v Nilsen*, 129 AD3d 994, 995 [2015]). Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.