■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON BUSANO, Appellant. [36 NYS3d 149]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered June 3, 2013, convicting him of assault in the first degree and gang assault in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 19 years followed by a period of five years of postrelease supervision on each of his convictions, and a fine in the sum of $5,000 on the conviction of assault in the first degree, with the terms of imprisonment to run concurrently with each other. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, (1) by reducing the term of imprisonment imposed on each of the convictions from a determinate term of imprisonment of 19 years to a determinate term of imprisonment of 12 years, and (2) by vacating so much of the sentence as imposed a fine in the sum of $5,000 on the conviction of assault in the first degree; as so modified, the judgment is affirmed.

The complainant was attacked by three individuals while he was walking with his wife, his daughter, and two of his grandchildren in front of a housing complex in Brooklyn. Later that day, the complainant's daughter viewed photographic arrays generated by the New York City Police Department's photo manager system, a computer database that contains photographs of individuals who have previously been arrested. The complainant's daughter identified the defendant as one of the perpetrators of the attack when his photograph was displayed in a photographic array generated by the photo manager system. The defendant was apprehended about two weeks later in Miami, Florida, and transported back to New York. The police thereafter conducted a lineup at which the complainant's daughter, the complainant's wife, and an unrelated eyewitness

all separately identified the defendant as one of the participants in the attack.

The defendant was charged with, among other crimes, assault in the first degree and gang assault in the first degree. The defendant moved to suppress the lineup identification testimony on the ground that the photo identification procedure and the lineup identification procedure were unduly suggestive. Following a suppression hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the lineup identification testimony. At the ensuing jury trial, the complainant, the complainant's daughter, the complainant's wife, and the unrelated eyewitness all identified the defendant as one of the participants in the attack. The defendant testified that although he had been present during the attack, he did not participate in it.

The jury returned a verdict finding the defendant guilty of assault in the first degree and gang assault in the first degree. The defendant was thereafter sentenced to two concurrent determinate terms of imprisonment of 19 years, to be followed by periods of five years of postrelease supervision, and a fine in the sum of $5,000. On appeal, the defendant argues that the Supreme Court should have granted that branch of his omnibus motion which was to suppress the lineup identification testimony, and that his sentence is excessive and represents an impermissible penalty for exercising his right to a jury trial.

"[U]nduly suggestive pretrial identification procedures violate due process and therefore are not admissible to determine the guilt or innocence of an accused" (*People v Chipp*, 75 NY2d 327, 335 [1990]). "Review of whether a pretrial identification procedure is unduly suggestive is subject to a well-established burden-shifting mechanism" (*People v Holley*, 26 NY3d 514, 521 [2015]). At the first step, the People must meet only their "initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness" (*People v Chipp*, 75 NY2d at 335), which is a "minimal" burden of "production" (*People v Ortiz*, 90 NY2d 533, 538 [1997]; *see People v Holley*, 26 NY3d at 526-527 [Abdus-Salaam, J., concurring]). "If this burden is not sustained, a peremptory ruling against the People is justified. If the People meet their burden of production, the burden shifts to the defendant to persuade the hearing court that the procedure was improper" (*People v Holley*, 26 NY3d at 521). In other words, "[w]hile the People have the initial burden of going forward to establish . . . the lack of any undue suggestiveness in a pretrial identification procedure, it is the de-

fendant who bears the ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d at 335; *see People v Holley*, 26 NY3d at 521).

Here, the defendant contends that the Supreme Court should have suppressed the lineup identification testimony on the ground that the photo identification procedure was unduly suggestive. The defendant argues that the People's failure to preserve the original photographic arrays viewed by the complainant's daughter gave rise to a presumption of suggestiveness, and that the People failed to rebut that presumption through the presentation of evidence at the suppression hearing.

The Court of Appeals has recognized that "a detective who shows a witness photographs on the photo manager system or via a similar computer-assisted process must carry out whatever steps are necessary to ensure that he or she can recreate in some way during a suppression hearing the display of the photographs in the precise arrangement and order in which they were shown to the witness" (*People v Holley*, 26 NY3d at 523). A failure to preserve such evidence "gives rise to a presumption of suggestiveness" (*People v Dobbins*, 112 AD3d 735, 736 [2013]; *see People v Holley*, 26 NY3d at 523; *People v McDonald*, 138 AD3d 1027 [2016]; *People v Robinson*, 123 AD3d 1062, 1062 [2014]). However, the failure "to preserve the arrays viewed by [a witness] does not warrant suppression in and of itself" (*People v Robinson*, 123 AD3d at 1062), and the People may overcome the presumption of suggestiveness "by presenting sufficient evidence of nonsuggestiveness, such as by reconstructing the photo array from related materials" (*People v Dobbins*, 112 AD3d at 736), or through the testimony of a police witness detailing the manner in which the photo manager system was utilized to arrive at the identification (*see People v Holley*, 26 NY3d at 524-525).

In this case, although the People's failure to preserve the photographic arrays displayed through the use of the photo manager system gives rise to a presumption of suggestiveness, the People nevertheless rebutted that presumption and sustained their initial burden of production through the testimony of the police officer who administered the photo identification procedure. The officer testified that the complainant's daughter was shown computer-generated photo arrays shortly after the attack occurred. The officer further testified as to the specific information that was entered into the photo manager system, which included the perpetrator's race and approximate age, height, and weight (*cf. People v Robinson*, 123

AD3d at 1062-1063; *People v Dobbins*, 112 AD3d at 736). The officer testified that approximately 230 photographs fit the search criteria that was entered into the photo manager system and that these photographs were displayed in arrays consisting of six photographs at a time. Under the circumstances, the People sustained their initial burden of demonstrating the reasonableness of the police conduct and the lack of any undue suggestiveness (*see People v Holley*, 26 NY3d at 524-525; *People v Chipp*, 75 NY2d at 335; *see also People v Fields*, 66 AD3d 799 [2009]; *People v Ashby*, 289 AD2d 588 [2001]; *People v Jerome*, 111 AD2d 874 [1985]). Furthermore, upon our review of the record of the hearing, we conclude that the defendant failed to sustain his ultimate burden of proving that the photo identification procedure was unduly suggestive (*see People v Holley*, 26 NY3d at 524-525). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the lineup identification testimony on the ground that the photo identification procedure was unduly suggestive.

The defendant further contends that the lineup procedure utilized in this case was unduly suggestive and that the Supreme Court should have suppressed the lineup identification testimony on that ground. Contrary to the defendant's contention, the People sustained their burden of demonstrating the reasonableness of the police conduct and the lack of any undue suggestiveness with respect to the three separate lineup identifications made by the complainant's daughter, his wife, and the unrelated eyewitness, respectively (*see People v Chipp*, 75 NY2d at 335). To the extent that the poor quality of the photographs of the lineups gave rise to a presumption of suggestiveness (*see e.g. People v Brennan*, 222 AD2d 445 [1995]), the People nevertheless rebutted that presumption through the testimony of the officer who administered the lineup procedures and through the lineup reports, which were admitted into evidence at the hearing without objection (*see People v Pitts*, 46 AD3d 923, 923 [2007]). Furthermore, since the lineup participants generally resembled the defendant in height, weight, attire, and skin tone, the variations in age between the defendant and three of the other members of the lineup, without more, did not render the lineup impermissibly suggestive or conducive to mistaken identification (*see People v Jackson*, 98 NY2d 555, 559 [2002]; *People v Davis*, 27 AD3d 761, 761-762 [2006]; *People v Blue*, 267 AD2d 317, 318 [1999]). Inasmuch as the lineup procedure did not create a substantial likelihood that the defendant would be singled out for identification, the Supreme Court properly denied that branch of the

defendant's omnibus motion which was to suppress the lineup identification testimony on the ground that the lineup procedure was unduly suggestive (*see People v Jones*, 131 AD3d 1179, 1180 [2015]; *People v Ortiz*, 61 AD3d 1003 [2009]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a trial (*see People v Pena*, 50 NY2d 400, 411 [1980]; *People v Gomez*, 135 AD3d 954, 957 [2016]).

Nevertheless, the sentence imposed was excessive to the extent indicated herein. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.