■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SHIROIDE SIMS, Appellant. [45 NYS3d 491]—

Appeal by the defendant from a judgment of the County
Court, Suffolk County (Braslow, J.), rendered April 16, 2014,
convicting him of manslaughter in the first degree, upon his
plea of guilty, and imposing sentence which included a fine in
the sum of $5,000. The appeal brings up for review the denial,
after a hearing, of that branch of the defendant's omnibus mo-
tion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law and as a
matter of discretion in the interest of justice, by vacating the
provision of the sentence imposing a fine in the sum of $5,000;
as so modified, the judgment is affirmed.

The defendant was arrested after three eyewitnesses identi-
fied him in a photo array as the person who shot and killed the
victim. The defendant was charged with, among other crimes,
murder in the second degree. The defendant moved, inter alia,
to suppress identification testimony on the ground that the
identification procedure—a photo array—was unduly sugges-
tive. After a hearing, the County Court denied that branch of
the defendant's omnibus motion. The defendant subsequently
pleaded guilty to manslaughter in the first degree, and
sentence was imposed, which included a fine in the sum of
$5,000.

At a suppression hearing on a defendant's motion challeng-
ing a pretrial identification procedure as unduly suggestive,
the People "have the initial burden of going forward to establish
the reasonableness of the police conduct and the lack of any
undue suggestiveness" (*People v Chipp*, 75 NY2d 327, 335
[1990]; *see People v Busano*, 141 AD3d 538, 539 [2016]). This is
"a 'minimal' burden of 'production' " (*People v Busano*, 141
AD3d at 539, quoting *People v Ortiz*, 90 NY2d 533, 538 [1997]).
" 'If the People meet their burden of production, the burden
shifts to the defendant to persuade the hearing court that the
procedure was improper' " (*People v Busano*, 141 AD3d at 539,
quoting *People v Holley*, 26 NY3d 514, 521 [2015]).

Here, the People met their initial burden through the
testimony of the police officer who conducted the photo array
with the three eyewitnesses on the same day, at three separate
locations, and through admission into evidence of the photo ar-

ray, which revealed that the individuals depicted were sufficiently similar to the defendant in appearance such that there was little likelihood that he would be singled out for identification based on particular characteristics (*see People v Staton*, 138 AD3d 1149, 1150 [2016]; *People v Burroughs*, 98 AD3d 583, 584 [2012]; *People v Hewitt*, 82 AD3d 1119, 1120 [2011]). Since the People met their initial burden through this evidence, contrary to the defendant's contention, it was not necessary for them to present testimony from one of the identifying witnesses and the police officer who compiled the photo array, and the defendant never sought to call these witnesses at the hearing (*cf. People v Cherry*, 26 AD3d 342 [2006]; *People v Sokolyansky*, 147 AD2d 722 [1989]).

The defendant's contention that the fine imposed as part of his sentence should be vacated because the County Court did not indicate that the plea of guilty was negotiated with terms that included a fine is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gregory*, 140 AD3d 1088 [2016]; *People v Nilsen*, 129 AD3d 994 [2015]). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction.

The County Court erred in imposing a fine, since there is no indication in the plea minutes that the defendant's plea of guilty was negotiated with terms that included a fine (*see People v Gregory*, 140 AD3d 1088 [2016]; *People v Roberts*, 139 AD3d 1092 [2016]). The sole relief requested by the defendant for this error is modification of his sentence to vacate the provision imposing a fine, and the People consent to the sentence being so modified. Under the circumstances, we deem it appropriate to vacate the provision of the defendant's sentence imposing a fine in the sum of $5,000 (*see People v Gregory*, 140 AD3d 1088 [2016]; *People v Roberts*, 139 AD3d 1092 [2016]).

The defendant's remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.