■ The People of the State of New York, Respondent, v Anibal Perez-Ramirez, Appellant. [52 NYS3d 673]—Appeal by

the defendant from a judgment of the Supreme Court, Nassau County (O'Brien, J.), rendered November 17, 2015, convicting him of assault in the first degree, attempted assault in the first degree, assault in the second degree (two counts), assault in the third degree (two counts), criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials after he was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *cf. People v Williams*, 62 NY2d 285, 289-290 [1984]; *People v Santos*, 112 AD3d 757, 758 [2013]).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Carncross*, 14 NY3d 319, 324-325 [2010]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Busano*, 141 AD3d 538, 542 [2016]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a trial (*see People v Pena*, 50 NY2d 400,

411 [1980]; *People v Busano*, 141 AD3d at 542). The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Balkin and Barros, JJ., concur.