■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CHIRSE, Appellant. [55 NYS3d 430]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered February 14, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ingram, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. The failure of the police to take a photograph of the lineup created a presumption of suggestiveness (*see People v Brennan*, 222 AD2d 445 [1995]; *People v Simmons*, 158 AD2d 950, 950 [1990]). However, the People rebutted the presumption of suggestiveness by other testimony and evidence including photographs of four fillers taken on the day of the lineup and testimony as to the physical attributes of and clothing worn by the participants. This evidence demonstrated that the procedures used were not impermissibly suggestive (*see People v Pitts*, 46 AD3d 923, 923 [2007]; *People v Brennan*, 222 AD2d at 445; *People v Simmons*, 158 AD2d at 950). Further, contrary to the defendant's contention, the People did present evidence

at the suppression hearing that the identifying witness, a police officer, viewed the defendant's face on the day of the robbery. Moreover, the defendant's contention that the lineup procedure may have been tainted by communications between the identifying witness and his fellow officers prior to the lineup is purely speculative (*see People v Chipp*, 75 NY2d 327, 339 [1990]). The defendant's remaining contentions with respect to the suppression determination are without merit.

The defendant contends that the conviction was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see Strickland v Washington*, 466 US 668, 694 [1984]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Counsel is not ineffective for failing to make a motion or argument that had little or no chance of success (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Cromwell*, 99 AD3d 1017, 1017 [2012]; *People v Brown*, 92 AD3d 455, 456 [2012]; *People v Mack*, 91 AD3d 794, 795 [2012]). Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.