Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered August 5, 2015, as amended August 11, 2015, convicting him of robbery in the third degree, sexual abuse in the first degree, grand larceny in the fourth degree, attempted rape in the first degree, attempted sexual abuse in the first degree, and criminal obstruction of breathing, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
 

 Ordered that the judgment, as amended, is affirmed.
 

 The hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress statements the defendant made to police in a patrol car after his apprehension, but before Miranda warnings were given (see Miranda v Arizona, 384 US 436 [1966]), since those statements were spontaneous and not the result of interrogation or its functional equivalent (see People v Lopez, 150 AD3d 1266, 1266 [2017]; People v Jackson, 150 AD3d 1025, 1026 [2017]; People v Reaves, 112 AD3d 746, 747 [2013]; People v Anderson, 94 AD3d 1010, 1011 [2012]; People v Henderson, 57 AD3d 562, 564 [2008]; People v Davis, 32 AD3d 445, 446 [2006]). While the questioning of the defendant months later as to other charges in the absence of his assigned counsel was improper (see People v Henry, 144 AD3d 940, 944-945 [2016], lv granted 29 NY3d 998 [2017]), suppression of items recovered during the execution of a search warrant obtained thereafter that was based, in part, on the defendant’s statements made to police at that time, was not required. The remaining information contained in the application for the search warrant was sufficient to establish the requisite probable cause (see People v Murray, 136 AD3d 714, 714 [2016]; People v Wahhab, 84 AD3d 982, 983 [2011]; People v Levy, 65 AD3d 1057, 1057-1058 [2009], affd 15 NY3d 510 [2010]; People v Cassese, 58 AD3d 639, 639 [2009]).
 

 Contrary to the defendant’s contention, defense counsel was not ineffective for declining to oppose the People’s motion to consolidate the indictments because the indictments were properly joinable, consolidation was a proper exercise of discretion, and opposition to the motion would have had little to no chance of success (see People v Ennis, 11 NY3d 403, 415 [2008]; People v Caban, 5 NY3d 143, 152 [2005]; People v Chirse, 151 AD3d 737, 738 [2017]; People v Walker, 115 AD3d 889, 889 [2014]; People v Cromwell, 99 AD3d 1017, 1017 [2012]). In addition, since the People presented evidence sufficient to provide reasonable assurances of the identity and unchanged condition of the DNA evidence at trial (see People v Hawkins, 11 NY3d 484, 494 [2008]; People v Davidson, 111 AD3d 848, 848-849 [2013]; People v Smith, 98 AD3d 533, 534-535 [2012]; People v Ortiz, 80 AD3d 628, 630 [2011]; People v Morgan, 48 AD3d 703, 704 [2008]; People v Gibson, 28 AD3d 576, 576 [2006]), defense counsel’s failure to object to the admission of certain DNA evidence did not constitute ineffective assistance of counsel (see People v Chestnut, 149 AD3d 772, 774 [2017]; People v Abuziyad, 136 AD3d 837, 838 [2016]).
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.