People v Johnson (2018 NY Slip Op 06563)





People v Johnson


2018 NY Slip Op 06563


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-09950
 (Ind. No. 1055/15)

[*1]The People of the State of New York, respondent,
v
Gary D. Johnson, appellant.


Arza Feldman, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons and Barbara Kornblau of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered September 8, 2016, convicting him of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the fifth degree (three counts), criminal possession of a controlled substance in the fifth degree (three counts), criminal possession of a controlled substance in the seventh degree (three counts), intimidating a victim or witness in the second degree, intimidating a victim or witness in the third degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress pretrial identification testimony is without merit (see People v Busano, 141 AD3d 538, 541).
The defendant's contention that his plea of guilty to intimidating a victim or witness in the second degree and intimidating a victim or witness in the third degree was not knowingly, voluntarily, and intelligently obtained is unpreserved for appellate review (see CPL 470.05[2]; People v Singh, 158 AD3d 824). In any event, this contention is without merit. Although the defendant argues that the factual allocution was insufficient to establish the elements of those crimes, "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301; see People v Cassadean, 160 AD3d 655, 656). Here, nothing the defendant said or failed to say in his plea allocution negated any element of the offenses to which he pleaded or called into question his admitted guilt or the voluntariness of his negotiated plea (see People v Goldstein, 12 NY3d at 301; People v Seeber, 4 NY3d 780, 780; People v Lopez, 71 NY2d 662, 666).
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court