People v Davis (2019 NY Slip Op 02895)





People v Davis


2019 NY Slip Op 02895


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2014-00099
 (Ind. No. 10416/11)

[*1]The People of the State of New York, respondent, 
v
Sahiah Davis, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered December 18, 2013, convicting her of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In 2010 and 2011, the defendant and her codefendant, Andre Moore, members of a gang called the "Wave Gang," committed various crimes in Brooklyn. The defendant appeals from her convictions of murder in the second degree and criminal possession of a weapon in the second degree relating to the murder of a member of a rival gang on April 25, 2011. The defendant, and other members of the Wave Gang, surrounded the victim as he rode his bicycle down the street. The defendant shot the victim, killing him. At trial, Moore faced five additional charges arising out of three separate incidents that did not involve the defendant. On these charges, Moore was convicted of murder in the second degree, attempted murder in the second degree, assault in the second degree, robbery in the second degree, and criminal possession of a weapon in the second degree.
The defendant contends that there was legally insufficient evidence identifying her as the person who killed the victim because the sole eyewitness to the shooting was over 150 feet away from where the shooting occurred, and it was dark at the time of the shooting, making an accurate identification of the defendant impossible. The defendant further argues that her conviction of murder in the second degree was against the weight of the evidence.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of each of the crimes. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor of the witnesses (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of [*2]guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The trial court's charge, viewed in its entirety, adequately conveyed the appropriate standards to the jury (see People v Coleman, 70 NY2d 817; People v Battle, 73 AD3d 939; People v Joseph, 253 AD2d 529).
Defense counsel was not ineffective in declining to oppose the People's motion to consolidate the indictments charging the defendant with the indictments charging Moore. The indictments were properly joinable, consolidation was a proper exercise of discretion, and opposition to the motion would have had little chance of success (see People v Ennis, 11 NY3d 403; People v Caban, 5 NY3d 143; People v Polancobatista, 155 AD3d 1064; People v Chirse, 151 AD3d 737). Furthermore, since the defendant and Moore did not have irreconcilable defenses (see People v Mahboubian, 74 NY2d 174; People v Davydov, 144 AD3d 1170; People v Lessane, 142 AD3d 562; People v Braham, 91 AD3d 666), severance was not warranted, and defense counsel was not ineffective in failing to seek severance (see People v Ennis, 11 NY3d at 411; People v Caban, 5 NY3d at 153-154).
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court