People v Legall (2019 NY Slip Op 07281)





People v Legall


2019 NY Slip Op 07281


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2014-05502
 (Ind. No. 9148/12)

[*1]The People of the State of New York, respondent,
v
Mikquan Legall, appellant.


Janet E. Sabel, New York, NY (Paul Wiener of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Caroline R. Donhauser, and Eva A. Oginar of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered May 14, 2014, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
On September 2, 2011, the complainant, a pizza delivery driver, was robbed at gunpoint as he was attempting to make a delivery at a location in Brooklyn. The following day, the complainant identified the defendant from a photo array, which was not retained by the police. The defendant was apprehended approximately 13 months later, at which point he was identified by the complainant in a lineup.
The defendant was charged with, among other crimes, robbery in the first degree. The defendant moved to suppress the lineup identification testimony on the ground that the photo and lineup identification procedures were unduly suggestive. Following a suppression hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the photo and lineup identification evidence.
At the ensuing jury trial, the complainant identified the defendant as the perpetrator of the robbery. The jury returned a verdict finding the defendant guilty of robbery in the first degree. On appeal, the defendant argues, inter alia, that the Supreme Court should have granted that branch of his motion which was to suppress the identification evidence.
"[U]nduly suggestive pretrial identification procedures violate due process and therefore are not admissible to determine the guilt or innocence of an accused" (People v Chipp, 75 NY2d 327, 335). "Review of whether a pretrial identification procedure is unduly suggestive is subject to a well-established burden-shifting mechanism" (People v Holley, 26 NY3d 514, 521). At the first step, the People must meet only their "initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness" (People v Chipp, 75 NY2d at 335), which is a "minimal" burden of "production" (People v Ortiz, 90 NY2d 533, 538). "If this burden is not sustained, a peremptory ruling against the People is justified. If the People [*2]meet their burden of production, the burden shifts to the defendant to persuade the hearing court that the procedure was improper" (People v Holley, 26 NY3d at 521). In other words, "[w]hile the People have the initial burden of going forward to establish . . . the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden of proving that the procedure was unduly suggestive" (People v Chipp, 75 NY2d at 335; see People v Holley, 26 NY3d at 521).
In this case, the People's failure to preserve the photo array gives rise to a presumption of undue suggestiveness (see People v Holley, 26 NY3d at 517). However, this presumption was rebutted through a detective's testimony that the complainant viewed approximately 570 photographs divided between three different sets of photographs, as well as the detective's testimony about the complainant's certainty of the identification (see People v Busano, 141 AD3d 538, 539-540; People v Fields, 66 AD3d 799). Furthermore, upon our review of the record of the suppression hearing, we conclude that the defendant failed to sustain his ultimate burden of proving that the photo identification procedure was unduly suggestive (see People v Holley, 26 NY3d at 524-525; People v Busano, 141 AD3d at 541). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress the photo identification evidence, and the lineup identification evidence on the ground that it was tainted by the unduly suggestive photo identification procedure.
The defendant further contends that the lineup procedure utilized in this case was unduly suggestive and that the Supreme Court should have suppressed the lineup identification testimony on that ground. Following the complainant's identification of the defendant through the photo array, the detective told the complainant that "when we bring the person in, we have to conduct a lineup." Under the particular facts of this case, that statement, in and of itself, did not render the lineup procedure, which occurred approximately 13 months later, unduly suggestive where the procedure followed in the lineup was proper (see People v Johnson, 38 AD3d 569, 570; People v Anthony, 165 AD2d 876, 877; People v Jerome, 111 AD2d 874).
Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in permitting the People, at trial, to present evidence that police officers could not locate the defendant despite multiple attempts to do so, as well as evidence of certain implicitly threatening statements made to the complainant by the defendant's brother, as evidence of the defendant's consciousness of his guilt (see People v Christiani, 96 AD3d 870, 871; People v Snyder, 124 AD2d 394, 395). This evidence was admissible because the record contains circumstantial evidence that would permit a finding by the jury of the defendant's flight, and a finding of a link between the defendant and the statements made by his brother (see People v Myrick, 31 AD3d 668, 669; People v Wiese, 97 AD2d 903, 904).
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court