People v Ruiz (2022 NY Slip Op 06016)

People v Ruiz

2022 NY Slip Op 06016

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03929
 (Ind. No. 29/20)

[*1]The People of the State of New York, respondent,
v
James M. Ruiz, appellant.

Thomas N. N. Angell, Poughkeepsie, NY (Andrew D. Ellis of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered May 12, 2021, convicting him of vehicular manslaughter in the first degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 3&frac13; to 10 years and a fine in the sum of $2,000.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed a fine in the sum of $2,000; as so modified, the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342). The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256; People v Stacker, 206 AD3d 766).
The defendant's waiver of his right to appeal does not preclude appellate review of his contention that the County Court improperly imposed an enhanced sentence (see People v Baker, 204 AD3d 1471, 1471; People v Gregory, 140 AD3d 1088, 1089). Although the defendant's contention is unpreserved for appellate review (see People v Sirabella, 148 AD3d 1186, 1186; People v Carrasquillo, 133 AD3d 774, 775), we reach the issue in the exercise of our interest of justice jurisdiction.
The County Court improperly enhanced the defendant's sentence by imposing a fine that was not part of the negotiated plea agreement (see People v Sims, 146 AD3d 820, 821; People v Gregory, 140 AD3d at 1089; People v Roberts, 139 AD3d 1092, 1092). Under the circumstances of this case, we find it appropriate to vacate so much of his sentence as imposed a fine, so as to conform the sentence imposed to the promise made to the defendant in exchange for his plea of guilty (see People v Sims, 146 AD3d at 821; People v Gregory, 140 AD3d at 1089; People v Roberts, 139 AD3d at 1092).
The defendant's remaining contentions are precluded by his valid appeal waiver (see People v Price, 150 AD3d 1153, 1154; People v Abdul, 112 AD3d 644, 645; People v Andre L., 18 AD3d 575, 576).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court